[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10347
Non-Argument Calendar
_____

D.C. Docket No. 3:13-cr-00006-MMH-JRK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEOTIS WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 13, 2014)

Before PRYOR, JORDAN and FAY, Circuit Judges.

PER CURIAM:

Leotis Williams appeals his sentence of 120 months of imprisonment for

distributing cocaine hydrochloride, 21 U.S.C. § 841(a)(1), (b)(1)(C), and for

distributing cocaine hydrochloride and cocaine base, *id.* Williams argues that his sentence is unreasonable. We affirm.

The district court did not abuse its discretion by sentencing Williams to a term of imprisonment far below his advisory guideline range. While on parole, Williams sold to two government informants 66.1 grams of cocaine hydrochloride and 4.2 grams of cocaine base. Williams had an extensive criminal history that included seven convictions involving the possession, attempted possession, and sale of cocaine; nine convictions for possessing marijuana; three convictions for battery; two convictions for obstructing an officer without violence; and two convictions for criminal trespass. Even if Williams had not qualified as a career offender, *see* United States Sentencing Guidelines Manual § 4B1.1 (Nov. 2013), his advisory guidelines range would have been calculated using a criminal history of VI because of his prior convictions. The district court agreed with Williams that "the nature of the offense and the amount of drugs [was] fairly insignificant compared to" his advisory guideline range of 210 to 262 months, and the district court decided to vary downward from the low end of that range by 90 months. The district court was concerned why Williams "just [did not] seem to understand he [could not] keep doing this" and reasonably determined that a sentence of 120 months was required to give Williams more than a "slap on the wrist," to deter future similar conduct, to protect the public, and to promote respect for the law.

2

*See* 18 U.S.C. § 3553(a).  Williams's sentence, which is well below his maximum statutory sentence of 20 years of imprisonment, is reasonable.

We **AFFIRM** Williams's sentence.